STATE OF HAWAI`I, Plaintiff-Appellee,
v.
CELESTE HOKULANI WOLF, Defendant-Appellant.
No. 29138.
Intermediate Court of Appeals of Hawaii.
October 21, 2009.
On the briefs:
Christian G. Enright, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City & County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., WATANABE, and FUJISE, JJ.
Defendant-Appellant Celeste Hokulani Wolf (Wolf) appeals from the March 19, 2008, Judgment entered by the District Court of the First Circuit (district court).[1] Wolf was convicted of the offense of excessive speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(2) (2007),[2] for driving a motor vehicle at a speed exceeding eighty miles per hour. Wolf's conviction was predicated on evidence of a laser-gun reading which showed that Wolf was driving her vehicle at a speed of eighty-four miles per hour.
On appeal. Wolf contends that the district court erred in: 1) admitting a police officer's testimony regarding the laser-gun reading because the prosecution failed to establish an adequate foundation for such evidence; and 2) denying Wolf's motion to compel discovery of certain materials. Based on the recent Hawai`i Supreme Court's decision in State v. Assaye, No. 29078, 2009 WL 3112426 (Haw. Sept. 30, 2009), we reverse Wolf's conviction.

I.

A.
At the outset, we note that Wolf's notice of appeal was filed seven days late. Plaintiff-Appellee State of Hawai`i (State) contends that we should dismiss Wolf's appeal for want of appellate jurisdiction because of the untimely filing of her notice of appeal. However, belated appeals have been permitted when, as appears to be the situation in this case, "defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance." State v. Knight, 80 Hawai`i 318 323, 909 P.2d 1133, 1138 (1996) (internal quotation marks, brackets, and citation omitted). We decline to dismiss Wolf's appeal. Id. at 323-34, 909 P.2d at 1138-39.

B.
In Assaye, the Hawai`i Supreme Court held that the prosecution failed to lay a sufficient foundation for the admission of a speed reading from a laser gun because the prosecution failed to adduce evidence that: 1) the laser gun was tested according to procedures recommended by the manufacturer for demonstrating that the laser gun was operating properly; and 2) the officer who obtained the laser-gun reading had received training in the operation of the laser gun that met the requirements indicated by the laser gun's manufacturer. Assaye, No. 29078, slip op. at 11-27, 2009 WL 3112426, at *6-*13. The same deficiencies in establishing the foundation for the admission of the laser gun's speed reading that were identified in Assaye are present in this case. Thus, the district court erred in admitting the police officer's testimony regarding the speed reading obtained from the laser gun for Wolf's vehicle.
As in Assaye, without the officer's testimony regarding the speed reading from the laser gun, there was insufficient evidence to prove that Wolf was driving her vehicle at a speed exceeding eighty miles per hour. See id. at 28-29, 2009 WL 3112426, at *13. Accordingly, we reverse Wolf's conviction. Our reversal of Wolf's conviction renders it unnecessary for us to address Wolf's discovery claim.

II.
The March 19, 2008, Judgment entered by the district court is reversed.
NOTES
[1] The Honorable Hilary B. Gangnes presided.
[2] HRS § 291C-105(a)(2) provides:

(a) No person shall drive a motor vehicle at a speed exceeding:
. . .
(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.